,

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOSEPH REED-BEY,<br><br>   Plaintiff,<br><br>   v.<br><br>BINGYAN GUO, et al.<br><br>   Defendants. | No. 2:25-cv-01880-DAD-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On July 16, 2025, plaintiff Kevin Joseph Reed-Bey filed a "notice and invocation of constitutional injunctive authority," which the Court construes as requesting emergency relief under Federal Rule of Civil Procedure 65. (ECF No. 6.) Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. This motion is appropriate for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion for preliminary injunction should be denied.

**I.     Background**

Plaintiff initiated this action with a fee-paid complaint on July 3, 2025, against defendants Bingyan Guo, Linmao Sun, Benjamin Huang, and Rising Investments, LLC. (ECF No. 1.) Plaintiff seeks to "vacate a void judgment unlawfully entered" by the Solano County Superior Court "styled as an unlawful detainer default." (Id. at 1.) Through this action, plaintiff seeks to have the unlawful detainer judgment declared void and retore possession of an estate to plaintiff.

1

(Id. at 4.)

On July 16, 2025, plaintiff filed the "notice and invocation of constitutional injunctive authority," which the Court construes as a motion for preliminary injunction. (ECF No. 6.) Plaintiff requests "immediate injunctive protection to prevent further enforcement of the void judgment and to restore lawful possession of the private" estate. (Id. at 2.)

## II. Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Under another formulation of the test used in the Ninth Circuit, a likelihood of success is not an absolute requirement. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Rather, the plaintiff shows serious questions are raised and the balance of hardships tips in plaintiff's favor. Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). A preliminary injunction is an extraordinary remedy that may be awarded only upon a clear showing that the movant is entitled to relief. Winter, 555 U.S. at 22, 24. A court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a).

Under the Court's local rules,

> All motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond. See L.R. 230, 151.

Local Rule 231(d)(2).

## III. Analysis

As a preliminary matter, plaintiff has not satisfied the requirements of this Court's local rule governing applications for preliminary injunctions. Plaintiff has not filed a brief on all relevant legal issues presented by the motion and has not filed an affidavit in support of the

existence of an irreparable injury. Further, there is no evidence that the motion was served on defendants. Plaintiff filed a document titled "notice of filing" (ECF No. 7) at the same time plaintiff filed the request for preliminary injunction. In this "notice of filing" plaintiff states that "courtesy copies will be served upon opposing counsel and interested parties consistent with court protocol" (ECF No. 7 at 2), but it is unclear whether plaintiff means courtesy copies of the "notice of filing" or the request for preliminary injunction. The motion is therefore procedurally defective to the extent it requests a preliminary injunction. See Local Rule 231. Plaintiff's failure to comply with the requirements of this Court's local rules is sufficient justification to deny a temporary restraining order. See Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); see also Nible v. Macomber, No. 2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as procedurally deficient).

Plaintiff also fails to demonstrate he is likely to succeed on the merits of any claim as required for a preliminary injunction to issue. Plaintiff's motion does not furnish the Court with any legal authority or evidence supporting plaintiff's claims. Plaintiff's motion appears to mainly argue that a judgment in the Solano County Superior Court is "void" and plaintiff seeks injunctive relief to "prevent further enforcement of the void judgment and to restore lawful possession" of plaintiff's estate. (ECF No. 6 at 2.) As the moving party, plaintiff bears the burden of establishing the merits of the claims. See Winter, 555 U.S. at 20. Likelihood of success on the merits is the most important Winter factor, and it is also relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in plaintiff's favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20.

Plaintiff also does not establish the likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief. As noted above, plaintiff's motion requests immediate relief to prevent enforcement of an allegedly void judgment and restore possession of a private estate. (ECF No. 6 at 2.) Nothing in the motion suggests plaintiff is at risk of any irreparable harm in the

absence of preliminary relief. A plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). Here, plaintiff's motion does not come close to alleging the type of irreparable harm necessary for a preliminary injunction. See FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative" (citation omitted)), cert. denied, Garner v. FDIC, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

### IV.     Recommendation

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 22, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, reed.1880.25