UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOSEPH REED-BEY,<br><br>Plaintiff,<br><br>v.<br><br>BINGYAN GUO, et al.<br><br>Defendants. | No. 2:25-cv-01880-DAD-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 10) |

Plaintiff Kevin Joseph Reed-Bey paid the filing fee and filed this civil action without counsel. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). Presently before the Court is defendants Bingyan Guo, Linmao Sun, Benjamin Huang, and Rising Investments LLC's motion to dismiss plaintiff's complaint. (ECF No. 10.) The Court took the matter under submission without oral argument pursuant to Local Rule 230(g). (ECF No. 21.) For the reasons set forth below, defendants' motion should be GRANTED.

I.  **Procedural Background**

Plaintiff filed his complaint on July 3, 2025. (ECF No. 1.) On July 16, 2025, plaintiff filed a document titled "notice and invocation of constitutional injunctive authority" (ECF No. 6), which the Court construed as a request for emergency relief under Federal Rule of Civil Procedure 65. The Court recommended denying this motion (ECF No. 8), and plaintiff filed

1  objections (ECF No. 13). On July 29, 2025, defendants filed a motion to dismiss (ECF No. 10),
2  plaintiff filed an opposition (ECF No. 14), and defendant filed a reply (ECF No. 17). Plaintiff
3  filed multiple other documents. (ECF Nos. 12, 15, 18-20.) On September 11, 2025, the Court
4  vacated the hearing and took the matter under submission. (ECF No. 21.)

      **II.    Allegations in the Complaint**

Plaintiff initiated this action with a fee-paid complaint on July 3, 2025, against defendants Bingyan Guo, Linmao Sun, Benjamin Huang, and Rising Investments, LLC. (ECF No. 1.) Plaintiff alleges that on February 26, 2025, the Solano County Superior Court improperly issued a clerk's default judgment in an unlawful detainer proceeding (Case No. CL25-01262) brought by defendants Guo and Sun. (Id. at 2.) Plaintiff alleges that "fraud and jurisdictional defects render the judgment void." (Id.) Plaintiff alleges that the challenged judgment "was issued by a legislative tribunal that lacked judicial power over the trust estate." (Id. at 2.) Plaintiff seeks to "vacate a void judgment unlawfully entered" by the Solano County Superior Court "styled as an unlawful detainer default." (Id. at 1.) Through this action, plaintiff seeks to have the unlawful detainer judgment declared void and restore possession of an estate to plaintiff. (Id. at 4.) Plaintiff asserts rights under the "Treaty of Peace and Friendship (1836)," and "invokes the doctrine of constructive trust." (Id. at 3.)

      **III.    Legal Standard**

           **1.    Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The court must construe a pro se pleading liberally to determine whether it states a claim and, before dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri, 901 F.2d at 699 (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard in *Iqbal*). But courts need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**2. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Fam. Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Thus, a jurisdictional challenge can be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005).

3

A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

### 3. Request for Judicial Notice

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); see Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); King v. California Dep't of Water Res., 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); Gamboa v. Tr. Corps., 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

### IV. Discussion

Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 10.)

### 1. Requests for Judicial Notice

Defendant seeks judicial notice of the proof of service of summons and the judgment-unlawful detainer filed with the Solano County Superior Court on February 26, 2025. (ECF No. 10-1.) The Court grants defendant's request. See Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (stating the court may take judicial notice of documents on file in federal or state courts). Taking judicial notice of these documents does not mean accepting the allegations or facts contained as true. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir.

4

1  2018) ("Just because the document itself is susceptible to judicial notice does not mean that every
2  assertion of fact within that document is judicially noticeable for its truth.").
3        Plaintiff also filed a request for judicial notice, seeking judicial notice of the following:
4  "supplemental brief in support of injunctive relief," "affidavit of irreparable harm and denotative
5  standing," "proposed order granting emergency injunctive relief and restoration of possession,"
6  and "proof of service." (ECF No. 18 at 2.) However, plaintiff has not provided a copy of these
7  documents or clearly indicated what these documents are. Therefore, the Court DENIES
8  plaintiff's request for judicial notice.

### 2. The Court Lacks Subject Matter Jurisdiction

10        Defendants argue that plaintiff's claims are barred by the Rooker-Feldman doctrine
11  because plaintiff seeks to reverse the judgment entered against him in state court. (ECF No. 10 at
12  5.) Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid.
13  Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,
14  283-84 (2005). The Rooker-Feldman doctrine "prohibits a federal district court from exercising
15  subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."
16  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).
17        A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman
18  when the plaintiff complains of a legal injury caused by a state court judgment, based on an
19  allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants.
20  Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Or the plaintiff may complain of harm caused
21  by a state court judgment that directly withholds a benefit from the plaintiff, based on an
22  allegedly erroneous ruling by the court. Id. "Once a federal plaintiff seeks to bring a forbidden de
23  facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably
24  intertwined' with the state court judicial decision from which the forbidden de facto appeal is
25  brought." Id. at 1158.
26        Here, plaintiff's claims are barred by the Rooker-Feldman doctrine. Plaintiff seeks to
27  "vacate a void judgment unlawfully entered by the Superior Court of California, Couty of
28  Solano," an unlawful detainer case (Case No. CL25-01262). (ECF No. 1 at 1.) Plaintiff is

requesting that the Court declare the unlawful detainer judgment void, vacate the judgment, and restore possession and legal recognition of plaintiff's estate. (Id. at 4.) Plaintiff is complaining of an alleged legal injury caused by the state court's judgment in the unlawful detainer case. See Noel, 341 F.3d at 1163. A ruling in plaintiff's favor would necessarily disturb the state court ruling, violating the Rooker-Feldman doctrine. See Jayaton-Kerry v. Cooper, 2024 WL 216265, at *8 (E.D. Cal. Jan. 19, 2024.) Accordingly, defendant's motion should be granted on this ground.

Defendant also argues that plaintiff's constitutional claims are frivolous. (ECF No. 10 at 7-10.) Plaintiff cites the "Treaty of Peace and Friendship" as a basis for his claims. (ECF No. 1 at 3.) "Claims based on the violation of the Treaty of Peace and Friendship have repeatedly been found to be frivolous." Bey v. Linder, 2020 WL 5110357, at *3 (E.D. Cal. Aug. 31, 2020) (citing cases).

Plaintiff also attempts to invoke this Court's jurisdiction under the Supremacy Clause, "indigenous status, consular authority, and adverse trust rights secured by the United Nations Declaration on the Rights of Indigenous Peoples." (ECF No. 1 at 2.) However, plaintiff's attempt fails. The Supremacy Clause does not provide an independent cause of action. Johnson v. Brown, 567 F. Supp. 3d 1230, 1255 (D. Or. 2021) (citing Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 324-25 (2015)). Further, there is no private right of action under the United Nations Declaration on the Rights of Indigenous Peoples. Van Hop-el v. United States Dept. of State, 2019 WL 295774, at *3 n.2 (E.D. Cal. Jan. 23, 2019) (citing cases). Accordingly, defendant's motion should be granted on this ground.

### 3. Failure to State a Claim

Defendant also argues that plaintiff has failed to state a claim. (ECF No. 10 at 10.) Defendant states the same arguments made for lack of subject matter jurisdiction apply under Rule 12(b)(6). (Id.) Further, defendant argues that plaintiff's claims are barred by the Noerr-Pennington doctrine. (Id.)

Plaintiff has failed to state a claim. Plaintiff has not sufficiently put forth a cognizable legal theory or sufficiently alleged facts to support any cause of action. See Balistreri, 901 F.2d at

6

699. Plaintiff alleges that the judgment in the unlawful detainer case in state court is void based on fraud, but has not alleged any facts sufficient to state a claim.

Further, plaintiff's claims based on an unlawful detainer action are barred by the Noerr-Pennington doctrine. Noerr-Pennington protects from liability "those who petition any department of the government for redress." Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006); see Thomas v. Housing Auth. of Cnty. of Los Angeles, 2005 WL 6136440, at *11 (C.D. Cal. June 3, 2005) (finding that under Noerr-Pennington, "plaintiffs may not pursue FHA or Rehabilitation Act claims based on defendants' filing and prosecution of the state court unlawful detainer action"). Protected activity includes representing a party in a court proceeding and filing papers with a court. See Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1184 (9th Cir. 2005).

Noerr-Pennington does not, however, extend to "sham litigation." Sousa, 437 F.3d at 938. "In order not to chill legitimate [petitioning activity protected by the First Amendment], it is important that a plaintiff's complaint contain specific allegations demonstrating that the Noerr-Pennington protections do not apply. Conclusory allegations are insufficient to strip them of their Noerr-Pennington protection." Boone v. Redevelopment Agency, 841 F.2d 886, 894 (9th Cir. 1988) (citation omitted). To survive a motion to dismiss and qualify for the sham litigation exception to Noerr-Pennington, a complaint must contain well-pleaded allegations that plausibly allege: (1) "the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; or (3) that "the allegedly unlawful conduct consists of making intentional misrepresentations to the court . . . if a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." Sosa, 437 F.3d at 938 (citation and internal quotations omitted).

Here, plaintiff has failed to allege that the unlawful detainer action was baseless or that the action was based on intentional misrepresentations to the court. See Sosa, 437 F.3d at 938. There is no indication that the conduct involves a series of lawsuits. See id. Plaintiff only provides conclusory allegations that the unlawful detainer action was based on fraud without providing sufficient facts supporting this allegation. Accordingly, plaintiff has not met the "sham litigation"

7

exception to Noerr-Pennington.

Therefore, plaintiff has failed to state a claim and defendant's motion to dismiss should be granted on this ground.

## V. Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. See Davis v. Miranda, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se, Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Here, the Court finds that plaintiff's claims are barred by the Rooker-Feldman and Noerr-Pennington doctrines. Accordingly, the Court recommends granting defendant's motion to dismiss without leave to amend as amendment would be futile.

## VI. Conclusion and Recommendation

For all the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (ECF No. 10-1) is GRANTED; and
2. Plaintiff's request for judicial notice (ECF NO. 18) is DENIED.

Further, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 10) be GRANTED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 18, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, reed.1880.25