UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOSEPH REED-BEY,<br><br>            Plaintiff,<br><br>    v.<br><br>BINGYAN GUO, et al.,<br><br>            Defendants. | No. 2:25-cv-01880-DAD-CKD (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>(Doc. Nos. 6, 8, 10, 22) |

Plaintiff Kevin Joseph Reed-Bey is proceeding *pro se* in this civil action which he initiated by filing his complaint in this court on July 3, 2025. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 22, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a preliminary injunction (Doc. No. 6) be denied (Doc. No. 8.) On September 19, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 10) be granted without leave to amend. (Doc. No. 22.) Specifically, the magistrate judge concluded as to plaintiff's motion for a preliminary injunction that plaintiff had failed to comply with the local rules of this court, failed to demonstrate that he was likely to succeed on the merits of his claims,

1

and had not demonstrated that he would suffer irreparable harm in the absence of the requested relief being granted. (Doc. No. 8 at 2–4.) As to defendants' motion to dismiss this action, the magistrate judge concluded that because plaintiff here seeks to vacate a judgment entered by the Solano County Superior Court in an unlawful detainer action pursued in that court, his claims asserted in this federal court action are barred by the *Rooker-Feldman* doctrine. (Doc. No. 22 at 5.) In addition, the magistrate judge found that plaintiff had failed to state any cognizable claim for relief in his attempt to challenge the result of the unlawful detainer action in state court. (*Id.* at 6–8.) Finally, the magistrate concluded that because plaintiff's claims were clearly barred, the granting of leave to amend would be futile. (*Id.* at 8.)

Both of the pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Doc. No. 6 at 4; Doc. No. 22 at 8.) On July 30, 2025, plaintiff filed objections to the pending findings and recommendations recommending that his motion for injunctive relief be denied. (Doc. No. 13.) On September 25, 2025, plaintiff filed objections to the pending findings and recommendations recommending that defendants' motion to dismiss be granted. (Doc. No. 23.) On September 30, 20205, defendants filed a response to plaintiff's objections. (Doc. No. 25.) In his objections to the recommendation that his motion for preliminary injunction be denied plaintiff argues that his "status as a private Moorish American National and ecclesiastical trustee" entitles him to protections and, presumably to the issuance of an injunction.[1] (Doc. No. 13 at 2.) In his objections to the recommendation that defendants' motion to dismiss be granted without leave to amend, plaintiff advances similar frivolous arguments that fail to address the pending findings and recommendations in any meaningful way. (Doc. No. 23.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

---

[1]  *See Rothschild El v. Cascade View Drive LLC*, 2:25-cv-01685-LK, 2025 WL 2848072, at *2 (W.D. Wash. Oct. 8, 2025) ("The allegations in the complaint demonstrate that [plaintiff] is one of many individuals who claim to have 'alleged ancestry in ancient Moors (and/or on their alleged or actual adhesion to Moorish religious convictions)' in order to 'initiat[e] frivolous legal actions' on the basis of 'their self-granted "Moorish citizenship" and from their correspondingly-produced homemade "Moorish' documents[.]'" *Bey v. Stumpf*, 825 F. Supp. 2d 537, 542 (D.N.J. 2011)[.]")

objections and defendants' reply thereto, the court concludes that both sets of findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.    The findings and recommendations issued on July 22, 2025 (Doc. No. 8) are adopted in full;

2.    Plaintiff's motion for a preliminary injunction (Doc. No. 6) is denied;

3.    The findings and recommendations issued on September 19, 2025 (Doc. No. 22) are adopted in full;

4.    Defendants' motion to dismiss plaintiff's complaint (Doc. No. 10) is granted without leave to amend; and

5.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **March 17, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE